In the Matter of JOSEPHINE SULLIVAN, Petitioner.

Supreme Court, Special Term, Bronx County, July 17, 1951.

*J. Donald Higgins* for petitioner.

MATTHEW M. LEVY, J. This is an application for an order to show cause entitled " In the Matter of the Petition of JOSEPHINE SULLIVAN for an order dispensing with the production of a certain mortgage and a certificate of satisfaction of the said mortgage, and directing the Register of the City of New York, Bronx County, to discharge the said mortgage."

The petitioner seeks an order of this court to discharge the mortgage, of record, the claim being that it was fully paid in 1924. Upon the ground that it is not possible presently to

locate the mortgagee, the petitioner requests leave to serve the mortgagee by publication. The application is a justifiable one.

But publication is not intended merely as a matter of a token sacrifice to judicial qualms as to due process, nor as a means of affording the fourth estate a modicum of income from legal advertising. The function of publication is to endeavor to give notice to the unfound respondent. That requires the utilization of the best means available. Of what value therefore is a published order to show cause, when the capital emphasis in the title is placed on the petitioner (Josephine Sullivan, in this case, who became the record owner of the property in 1950)? Of what value is such an order to show cause when nowhere in its title is the name of Gustav Klugman mentioned? He happens to be the mortgagee, and the very person it is theoretically intended to reach by going to the expense and trouble of publishing the court order. Of what aid is the order to show cause — title and body together — if nowhere in it is there any description of some kind as to the premises involved? Describing the mortgaged property in the petition annexed to the order to show cause (while legally proper and necessary) is inadequate for the purpose of notice — because it is neither required nor desirable that the petition and the supporting papers be published.

In short, inasmuch as the order is to be published, the title and the body of the order should have the location of the land clearly specified — as an aid, indirectly perhaps, to finding the mortgagee, focusing attention of the reading public on the premises as described. Furthermore, the name of the mortgagee should be prominently displayed in the title of the proposed order in the hopeful expectation that attention will be directed to the respondent by some who may be attracted by the sight of his printed name.

The order to show cause will, of course, provide for publication in a newspaper which the court will select as most likely to facilitate notice in the light of the allegations of the petition. Although it may seem futile, the order nevertheless should also provide for mailing to the mortgagee, at his last known address, of the order to show cause, by ordinary mail and by registered mail. The techniques of the modern post office have on occasion obtained successful results of mail delivery which might at first blush have seemed hardly possible.

The present application is denied, with leave to renew upon the presentation of papers consonant with the views here expressed.